UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VADYE RAYMOND,

Plaintiff,

-against-

NEW YORK STATE FAMILY COURT MANHATTAN COUNTY; HON. JUDGE SWEETING OFFICIAL CAPACITY ONLY; ADMINISTRATION FOR CHILDREN'S SERVICES; OTHER UNIDENTIFIED STATE ACTORS,

Defendants.

25-CV-10234 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. 1983, alleging that Defendants are violating her federally protected rights. By order dated August 13, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who resides in Manhattan, brings this actions against the following Defendants: (1) the New York State Family Court, New York County; (2) Hon. Judge Sweeting in her official capacity; (3) the New York City Administration for Children's Services ("ACS"); and (4) "other unidentified state actors." The following facts are drawn from the complaint.[1]

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff, the mother of two minor children, is party to an ongoing custody dispute with the children's father ("the Respondent") before Judge Sweeting. (ECF 1 at 1.) The Family Court proceedings were apparently initiated in Massachusetts, where Plaintiff was domiciled at the time. Plaintiff claims that Judge Sweeting is "improperly exercis[ing] . . . jurisdiction under the [Uniform Child Custody Jurisdiction and Enforcement Act] UCCJEA," because she did not "confirm home-state jurisdiction" or "properly notify Massachusetts courts" of the new proceedings, and thus the orders Judge Sweeting has issued are "constitutionally deficient." (*Id.* at 3.)

Plaintiff alleges that in 2025, she learned about "past . . . incidents" involving the children that the Respondent "may have known" about but "failed to act" on. (*Id.* at 3.) Upon discovering that Plaintiff was "investigat[ing]" these incidents, the Respondent allegedly "withheld the children in retaliation," and then "lied in court" about his reason for doing so. (*Id.*) Plaintiff claims that Judge Sweeting has refused to restore her visitation rights since August 2025, although there are no safety concerns in Plaintiff's home, "Respondent's story" is "contradict[ory]," and there is a "documented" history of retaliation by the Respondent against her. (*Id.*) Plaintiff further claims that Judge Sweeting failed to "address or investigate" Plaintiff's allegations of domestic violence.[2] According to Plaintiff, Judge Sweeting "is currently under investigation, underscoring systemic concerns." (*Id.* at 12.)

Plaintiff also alleges that ACS "participated in decisions affecting custody and failed to protect [her] procedural rights." (*Id.*)

[2] Plaintiff reported that the Respondent choked her in 2014, threatened her during arguments, threw her belongings into the hallway, and engaged in "emotional abuse, intimidation, and coercive control," and that he slapped one of their children in the face when she "disclosed distress to a school counselor." (*Id*. at 12.)

Plaintiff asserts violations of her rights to equal protection and due process, and she seeks declaratory and injunctive relief. (*Id.* at 5-6.)[3]

**DISCUSSION**

**A. Named Defendants**

**1. New York County Family Court**

The Court must dismiss Plaintiff's claims against the New York County Family Court. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The New York Family Court is an arm of the state that is entitled to Eleventh Amendment immunity. *See Gollomp*, 568 F.3d at 368; *Murray v. Thompson*, No. 17-CV-7004 (VB), 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (holding that a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore

[3] Plaintiff lists multiple attachments (Exhibits A-1 through I-2), but there are no such attachments to the complaint.

dismisses Plaintiff's claims against the New York County Family Court as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**2. New York City Administration for Children's Services**

Plaintiff's claims against ACS must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against ACS for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

It may be Plaintiff's intention to sue the City of New York. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town*

*of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff's claims appear to arise from her own singular experience with ACS. She does not allege any facts suggesting that the City of New York has a policy, practice, or custom that caused a violation of her federal rights. The Court grants Plaintiff leave to file an amended complaint, should she wish to do so, to name the City of New York as a defendant, and to provide facts showing that the City of New York or ACS has a policy, practice, or custom that violated her constitutional rights.

**3. Judge Sweeting**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action "outside" his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief

was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Plaintiff fails to allege any facts showing that Judge Sweeting acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 502 U.S. at 11-12. Instead, Plaintiff challenges actions that Judge Sweeting took in a case before her. Because Plaintiff sues Judge Sweeting for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, Plaintiff seeks injunctive relief, but she alleges no facts suggesting that Judge Sweeting violated a declaratory decree, declaratory relief was unavailable, or that an appeal is unavailable to her in the state-court proceedings.

The Court therefore dismisses Plaintiff's claims against Judge Sweeting for declaratory and injunctive relief as being barred by the plain text of Section 1983 and any claims for monetary relief against Judge Sweeting under the doctrine of judicial immunity and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. *Younger* abstention

Inasmuch as Plaintiff's child custody proceedings are pending in Family Court, this Court may not intervene in them by granting the injunctive relief she seeks. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith.[4]

[4] A civil proceeding is pending for purposes of *Younger* abstention if further state appellate remedies are available at the time of filing of the federal complaint. *Gristina v. Merchan*, 131 F.4th 82, 87 (2d Cir. 2025).

Application of the *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Courts have held that at least one of those categories encompasses pending state court child custody proceedings, as "it is well-settled that a custody dispute . . . raises important state interests." *Stumpf v. Maywalt*, 605 F. Supp. 3d 511, 517 (W.D.N.Y. 2022). Thus, when a "federal lawsuit implicates the way that New York courts manage their own divorce and custody proceedings—a subject in which the states have an especially strong interest," *Younger* abstention is warranted. *Falco v. Justs. of the Matrim. Parts of the Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (internal quotations omitted). To show bad faith, a plaintiff must show that "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive" and that she "ha[s] no reasonable expectation of obtaining a favorable outcome." *Lowell v. Vermont Dep't of Child. & Fam.,* 835 F. App'x 637, 640 (2d Cir. Dec. 1, 2020) (citing *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002)).

Plaintiff's claims for injunctive relief "are based solely on the state custody proceedings and . . . involve the state's compelling interest in protecting the welfare of children." *Stumpf*, 605 F. Supp. 3d at 518 (*Younger* abstention doctrine applied where "Plaintiff ask[ed] the Court to declare unconstitutional and to dismiss the state custody proceedings, based on his allegations relating to Defendants' procedure for removing his children, alleged coercion they used during that process, and making untrue statements during the state custody proceedings"); *see also Lowell v. Vermont Dep't of Child. & Fams.,* 835 F. App'x 637, 640 (2d Cir. 2020) (holding that

generally the "ability to raise constitutional claims in subsequent state-court judicial review . . . is sufficient . . . and bar[s] federal courts from taking jurisdiction over the same claims while the state proceeding is pending."). Furthermore, Plaintiff's vague allegations that Judge Sweeting issued orders that were constitutionally deficient and based on false information are insufficient to suggest bad faith in Plaintiff's Family Court proceedings. To the extent those state court proceedings are ongoing, the Court will not intervene in them and denies Plaintiff's request for declaratory and injunctive relief.

**C. Domestic relations abstention doctrine**

Plaintiff's claims also implicate a narrower abstention doctrine for domestic matters. A federal district court generally must abstain from exercising federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child" so long as those claims may be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (affirming district court's dismissal of child custody claims on abstention grounds where the district court had federal question jurisdiction).

A plaintiff need "not request [a federal court] to alter the state court's [domestic relations] determination" outright for a court to abstain from exercising federal question jurisdiction. *McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992). Rather, courts must abstain when they "would be forced to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings." *Id.*; *see Deem*, 941 F.3d at 620 (domestic relations abstention doctrine applied where Plaintiff claimed defendants "conspired . . . to violate his right to intimate association with his children" through unconstitutional custody proceedings).

Here, Plaintiff seeks an order restoring her visitation rights. Such claims are subject to the domestic relations abstention doctrine, *see, e.g., Deem*, 941 F.3d at 624, because addressing these claims would require the Court to "interpret state domestic relations law or immerse itself in domestic relations matters," and therefore "the [C]ourt must abstain from proceeding with the case due to the state courts' greater interest and expertise in that field." *Evans v. Adams*, No. 22-CV-3882, 2024 WL 306240 (E.D.N.Y. Jan. 26, 2024) (internal quotation marks and citation omitted). Plaintiff's allegations are insufficient to show that she cannot fully and fairly litigate the issue of custody of her minor children in the state courts. Moreover, there is no reason to doubt that the state courts are capable of curing any inadequacies on direct appeal within the state court system. The Court therefore abstains, pursuant to the domestic relations abstention doctrine, from adjudicating Plaintiff's custody claims and dismisses such claims without prejudice.

**LEAVE TO REPLEAD GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint.[5]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 9, 2026
New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.

[5] The Court notes that it is not necessary for Plaintiff to provide documents in support of her allegations. What the Court requires at this stage is a clear and concise statement of the facts showing that she can state a claim against each named Defendant.